1
2
3
4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   ESTATE OF ROLAND GLEN HOEFER,        Case No.  20-cv-06698-JSC

8                    Plaintiff,

9            v.                          **ORDER RE: MOTION TO DISMISS**
                                         Re: Dkt. No. 48
10  ATC REALTY FIFTEEN, INC.,

11                   Defendant.

12

13          Plaintiff in the above-captioned case seeks to recover death benefits from a life insurance

14  policy, and brings claims for the recovery of insurance proceeds due to the lack of an insurable

15  interest and unjust enrichment against Defendant.[1]  Now before the Court is Defendant's motion to

16  dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  After careful

17  consideration of the parties' briefing, and having had the benefit of oral argument on January 11,

18  2021, the Court GRANTS in part and DENIES in part Defendant's motion.

19                                    **BACKGROUND**

20  **I.      Complaint Allegations**

21          The Estate of Roland Glen Hoefer (the "Estate") was established in the state of

22  Washington following Mr. Hoefer's death on March 31, 2017.  Mr. Hoefer was at all relevant

23  times a Washington citizen.  The Estate's executor is Mr. Hoefer's son, Roland J. Hoefer, a

24  Washington citizen.  Defendant is incorporated in California, and holds its principal place of

25  business in San Francisco, California.

26          In or around 2005, "Coventry"—a family of interrelated Delaware entities and promoter of

27  _____

28  [1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. §
    636(c).  (Dkt. Nos. 40 & 45.)

*United States District Court*
*Northern District of California*

"stranger originated life insurance policies"—procured life insurance policies on the life of Mr. Hoefer.  These policies were not for Mr. Hoefer or his family, but rather for investors such as Coventry, and included but were not limited to a $5,000,000.00 life insurance policy issued by American General Life Insurance Company ("American General") numbered U10019366L (the "Policy").

To facilitate this transaction, Coventry created the Roland Hoefer Insurance Trust (the "Trust"), a Delaware statutory trust, installed as its trustee the Wilmington Trust Company ("Wilmington Trust"), a Delaware corporate trustee, and used the Trust to procure the Policy without a valid insurable interest.  Plaintiff alleges that Wilmington Trust may have at Coventry's direction transferred the Policy as part of a scheme regarding the use of stranger originated life insurance policies, thus depriving the Estate of the Policy's benefit.  A claim on the Policy's death benefit was then made by Wells Fargo Bank, N.A. ("Wells Fargo"), on behalf of Defendant—the Policy's beneficial owner at the time of Mr. Hoefer's death—and was subsequently paid to Defendant.

**II.     Procedural History**

On March 2, 2020, Plaintiff filed a complaint against U.S. Bank, N.A. ("U.S. Bank") and Wells Fargo in United States District Court for the District of Delaware.  (Dkt. No. 1.)[2]  Plaintiff then filed a first amended complaint ("FAC") in the District of Delaware against Defendant and Wells Fargo, adding Defendant as a party and terminating U.S. Bank as a party.  (Dkt. No. 19.)  The parties stipulated to the dismissal without prejudice of Plaintiff's claims against Wells Fargo and to the transfer of this action to the Northern District of California.  (Dkt. Nos. 31 & 32.)  Thereafter, the action was transferred to this Court.  (Dkt. No. 33.)[3]  On October 26, 2020, Defendant filed a Rule 12(b)(6) motion to dismiss.  (Dkt. No. 48.)  The motion is fully briefed, and the Court held oral argument on January 11, 2020.

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers placed at the top of the documents.
[3] The Court granted the parties' stipulation to withdraw Defendant's previously filed motion to dismiss.  (Dkt. No. 43.)

2

United States District Court
Northern District of California

**DISCUSSION**

Plaintiff's FAC brings two claims: (1) a claim under Del. Code Ann. tit. 18, § 2704, and (2) a common law claim of unjust enrichment.  Defendant moves to dismiss Plaintiff's first claim on the grounds that California law—not Delaware—applies and Plaintiff lacks standing under California law to challenge the Policy based on an alleged lack of an insurable interest.  In the alternative, Defendant argues that § 2704 does not apply to Plaintiff's claims under its plain terms, but that, even if it does, Plaintiff's § 2704 claim fails because the Policy was procured with a valid insurable interest.  Defendant additionally argues that Plaintiff's second claim for unjust enrichment fails because Plaintiff did not confer any benefit on Defendant.

**I.      First Claim: Del. Code Ann. tit. 18, § 2704**

**a. Choice-of-Law**

The transferee court applies the choice-of-law rules of the transferor court when an action is transferred pursuant to 28 U.S.C. § 1404(a).  *See Ferens v. John Deere Co*., 494 U.S. 516, 518-19 (1990).  When the transferor court lacks personal jurisdiction over a defendant, the choice-of-law rules of the transferee court—in this case, California—govern the action. *See Nelson v. Int'l Paint Co*., 716 F.2d 640, 643 (9th Cir. 1983); *see also Jaeger v. Howmedica Osteonics Corp*., No. 15-CV-00164-HSG, 2016 WL 520985, at *8 (N.D. Cal. Feb. 10, 2016).

28 U.S.C. § 1631, entitled "Transfer to cure want of jurisdiction," provides that if a court finds "there is a want of jurisdiction" it can transfer the case to a court where the case could have been brought at the time it was filed.  Here, the parties stipulated that the action's transfer was appropriate under 28 U.S.C. § 1631.  (Dkt. No. 32 at 2-3.)  While Plaintiff argues that the parties stipulated only that Defendant moved to dismiss for lack of personal jurisdiction and that, for this reason, the Court cannot resolve this threshold issue, the parties' stipulation is clear: "Transfer of the remaining claims in this Action to the Northern District of California is appropriate under two separate bases[,]" one of which was transfer under 28 U.S.C. § 1631.  (*Id.*)  Given the stipulation's plain language, the Court finds that the District of Delaware was "want[ing] of jurisdiction," 28 U.S.C. § 1631, and that therefore California's choice-of-law rules govern.

In California, courts apply the "governmental interest" test as the "appropriate general

methodology for resolving choice-of-law questions[.]" *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 83 (2010) (citations omitted).  For the reasons stated at oral argument, however, the Court cannot definitively resolve the test's application on Defendant's Rule 12(b)(6) motion to determining whether Delaware or California law governs Plaintiff's insurable interest claim.

### b. Applicability of § 2704

Defendant argues that—even if Delaware law governs Plaintiff's claim—the state's insurable interest statute, Del. Code Ann. tit. 18, § 2704, does not apply under its plain terms.  Under § 2704(e)(4), a "trust-owned life insurance policy" is defined as "an insurance contract for which an insurable interest exists under paragraph (c)(3) or (c)(5) of [the statute]."  Section 2704(e) states that its definitions apply "as used in this section, and in § 2708(4) of this title, and § 702(c) of this title, except as provided in § 702(c)(3)[.]"  Defendant interprets these provisions to mean that to qualify as a "trust-owned life insurance policy" under § 2704, a valid insurable interest must have existed in the Policy at the time it was issued.  Because Plaintiff alleges that the Policy was procured without an insurable interest (FAC ¶ 15), Defendant contends that § 2704 does not apply to Plaintiff's claim; as pleaded, the Policy was issued without an insurable interest and therefore fails to satisfy § 2704(e)(4)'s definition of "trust-owned life insurance policy" as one for which "an insurable interest exists."

The court is unpersuaded.  Section 2704(g) states that "[t]he existence of an insurable interest with respect to . . . [a] trust-owned life insurance policy *shall be governed by this section*[.]"  Del. Code Ann. tit. 18, § 2704(g) (emphasis added).  Under Defendant's interpretation § 2704 would *not* govern the existence of an insurable interest because Plaintiff alleges there was no insurable interest in the Policy.  Such interpretation, of course, makes no sense.  *See State v. Cooper*, 575 A.2d 1074, 1076 (Del. 1990) ("[l]iteral or perceived interpretations, which yield illogical or absurd results, should be avoided in favor of interpretations consistent with the intent of the legislature").  Further, interpreting § 2704 as applying to cases challenging whether an insurable interest existed in a trust-owned life insurance policy does not render the definition of "trust-owned life insurance policy" in section § 2704(e)(4) surplusage.  The definition applies to § 2708(4) and § 702(c) which concern respectively insureds' consent to contracting and premium

4

1   taxation.  Therefore, in light of § 2704(g)'s mandate, § 2704 governs determinations regarding

2   "[t]he existence of an insurable interest with respect to" the Policy.  Assuming Delaware law

3   governs, § 2704 controls Plaintiff's insurable interest claim.

### c. Trust Ownership

5       Defendant next contends that even assuming § 2704 applies, Plaintiff's claim nonetheless

6   fails because a valid insurable interest existed in the Policy when it was issued.  According to

7   Defendant, when the Policy was issued the Trust was its sole owner and beneficiary, and Mr.

8   Hoefer's wife was the Trust's sole beneficial owner.  (Dkt. No. 48 at 23.)  Defendant cites the

9   agreement with which the trust was created (the "Trust Agreement") in support of these facts,

10  attached as "Exhibit C" to its motion to dismiss.  (Dkt. No. 49-3.)

11      The Court does not consider the Trust Agreement.  The incorporation by reference doctrine

12  permits courts to "consider documents, such as [] insurance policies, that are incorporated by

13  reference into the complaint.")  *Biltmore Assocs., LLC v. TwinCity Fire Ins. Co*., 572 F.3d 663,

14  665 n.1 (9th Cir. 2009).  A court may only consider a document under the doctrine "if the plaintiff

15  refers extensively to the document or the document forms the basis of the plaintiff's claim."

16  *Steinle v. City & Cty. of San Francisco*, 919 F.3d 1154, 1162–63 (9th Cir. 2019) (internal

17  quotation marks and citation omitted).  Here, the amended complaint does not refer to the Trust

18  Agreement at all.  It alleges that Coventry created the Trust and installed Wilmington Trust as its

19  trustee, but this alone is insufficient to show that the amended complaint "refers extensively to the

20  [Trust Agreement] or the [Trust Agreement] forms the basis of [Plaintiff's] claim[s]."  *Id.*

21  Therefore, consideration of the Trust Agreement under the incorporation by reference doctrine is

22  inappropriate.

23      However, even if the Court considered the Trust Agreement and its content, it is also

24  inappropriate on a motion to dismiss to draw the inferences from the Trust Agreement on which

25  Defendant's argument depends.  *See Sun Life Assurance Co. of Canada v. U.S. Bank Nat'l Ass'n*,

26  No. 14-CIV-62610-BLOOM/VALLE, 2016 WL 161598, at *15-17 (S.D. Fla. Jan. 14, 2016), *aff'd*

27  *in relevant part*, 693 F. App'x 838, 840 (11th Cir. 2017).

28

United States District Court
Northern District of California

1

\* \* \*

2    In summary, the Court cannot finally decide the choice-of-law issue on this 12(b)(6)

3    motion.  However, assuming Delaware law applies, § 2704 applies to Plaintiff's insurable interest

4    claim, and Defendant has not shown that a valid insurable interest existed in the Policy as a matter

5    of law.  Thus, Plaintiff's insurable interest claim survives Defendant's 12(b)(6) motion to dismiss.

6    **II.      Second Claim: Unjust Enrichment**

7    While "there is not a standalone cause of action for 'unjust enrichment'" in California, the

8    term "describe[s] the theory underlying a claim that a defendant has been unjustly conferred a

9    benefit through mistake, fraud, coercion, or request." *Astiana v. Hain Celestial Group, Inc*., 783

10   F.3d 753, 762 (9th Cir. 2015) (internal quotations and citations omitted). As such, "[w]hen a

11   plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract

12   claim seeking restitution." *Id*. (internal quotations and citations omitted); *see also Bruton v.

13   Gerber Prod. Co*., 703 F. App'x 468, 470 (9th Cir. 2017) ("[T]he California Supreme Court has

14   clarified California law, allowing an independent claim for unjust enrichment to proceed[.]")

15   (citation omitted).  The elements for an unjust enrichment claim are the "receipt of a benefit and

16   unjust retention of the benefit at the expense of another." *Lyles v. Sangadeo-Patel*, 225 Cal. App.

17   4th 759, 769 (2014) (internal quotation marks and citations omitted).  Under Delaware law, "a

18   party claiming unjust enrichment must prove: (1) an enrichment, (2) an impoverishment, (3) a

19   relation between the enrichment and impoverishment, (4) the absence of justification and (5) the

20   absence of a remedy provided by law." *Pedrick v. Roten*, 70 F. Supp. 3d 638, 652 (D. Del. 2014)

21   (internal quotation marks omitted) (citing *Otto v. Gore*, 45 A.3d 120, 138 (Del. 2012)).

22   Defendant argues that there is no conflict between Delaware and California law governing

23   unjust enrichment claims.  While Plaintiff does not address the requirements to make out an unjust

24   enrichment claim under California law in its opposition, neither party argues that any "meaningful

25   conflict" exists between Delaware and California law regarding unjust enrichment claims.

26   *Homedics, Inc. v. Valley Forge Ins. Co., a Pennsylvania Corp*., 315 F.3d 1135, 1138 (9th Cir.

27   2003) ("When neither party identifies a meaningful conflict between California law and the law of

28   another state, California courts apply California law.") (citation omitted).  As such, the Court

United States District Court
Northern District of California

United States District Court
Northern District of California

applies California law in its analysis of Plaintiff's unjust enrichment claim.  *See Shields v. Singleton*, 15 Cal. App. 4th 1611, 1621 (1993) ("Indeed, [defendants] state in their brief that the laws of both states are the same . . .  a contention which plaintiff does not dispute.  Consequently . . . [the court] will apply [California law].") (internal quotation marks and citation omitted).

Applying California law, Plaintiff fails to state facts sufficient to sustain a claim for unjust enrichment.  The FAC alleges that Defendant's acceptance of the Policy's death benefits enriched Defendant to the detriment of the Estate and that—given the Policy was allegedly procured without an insurable interest—Defendant's receipt of the benefits is inequitable.  (FAC ¶ 28.)  The FAC contains no allegations that Plaintiff has "conferred a benefit on [D]efendant which [D]efendant has knowingly accepted[.]"  *Hernandez*, 180 Cal. App. 4th at 938.  *See also Lyles*, 225 Cal. App. 4th at 769 ("The theory of unjust enrichment requires one who acquires a benefit which may not justly be retained, *to return* either the thing or its equivalent to the aggrieved party so as not to be unjustly enriched.") (internal quotation marks and citation omitted) (emphasis added); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) ("The person receiving the benefit is required to make restitution only if the circumstances are such that, *as between the two individuals*, it is unjust for the person to retain it.") (internal quotation marks and citation omitted) (emphasis added).  In fact, the FAC alleges that Wells Fargo was the entity that paid Defendant the Policy's death benefit.  (FAC ¶ 18.)  Absent any allegations that Plaintiff conferred a benefit on Defendant, the FAC's allegation that Defendant was enriched by receiving the Policy's death benefits from Wells Fargo cannot sustain its unjust enrichment claim.

Plaintiff argues that the unjust enrichment claim survives Defendant's motion because the FAC sufficiently alleges that Defendant was "enriched," and Plaintiff "impoverished," by Wells Fargo's payment of the Policy's death benefits to Defendant.  (Dkt. No. 51 at 27.)  In support of this argument, Plaintiff avers that Delaware has a longstanding policy against enforcing "illegal human wagering contract[s]," and that its unjust enrichment claim is the "logical corollary" to the "strong public policy" against permitting these contracts to "pay off."  (*Id.* at 27-28.)  This, however, does nothing to show how Defendant unjustly retained a benefit at Plaintiff's expense.  *See Lyles*, 225 Cal. App. 4th at 769; *see also Chen v. U.S. Bancorp*, No. 12cv2895 JAH(NLS),

2013 WL 12114619, at *3 (S.D. Cal. June 26, 2013) (finding the plaintiff failed to state a claim where "he fail[ed] to allege in the complaint, or in opposition to the [motion to dismiss]" facts "required to maintain [it]") (citation omitted).

As such, Plaintiff's unjust enrichment claim is dismissed.  As Plaintiff does not suggest that it could amend the complaint to allege that Defendant obtained the benefits at Plaintiff's expense, the dismissal is without leave to amend.

### CONCLUSION

For the reasons set forth above, the Court DENIES the motion to dismiss Plaintiff's claim under § 2704 and GRANTS without leave to amend the unjust enrichment claim.

This Order disposes of Dkt. No. 48.

**IT IS SO ORDERED.**

Dated: January 15, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

8